UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL SALAZAR,

    Plaintiff,

v.

                                          CASE NO. 8:13-cv-02002-EAK-TBM

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF THE FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PORTION OF COUNT I OF THE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Counts II and III of the First Amended Complaint and Motion to Strike Portion of Count I of the First Amended Complaint and Incorporated Memorandum of Law (Doc. 11) and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Counts II and III on the First Amended Complaint and Motion to Strike Portions of Count I of the First Amended Complaint and Incorporated Memorandum of Law (Doc. 13). For the reasons stated below, Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint is **GRANTED**, Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint **DENIED** and Defendant's Motion to Strike Portions of Count I of the Complaint is **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his Complaint (Doc. 2) on August 01, 2013. Defendant filed a Motion to Dismiss Counts I, II, and III of the Complaint (Doc. 4) on August 09, 2013. Plaintiff filed the

1

Amended Complaint (Doc. 10) on August 21, 2013 in response to Defendant's Motion to Dismiss Counts I, II, and III of the Complaint (Doc. 4). Defendant then filed the Motion to Dismiss Counts II and II on the First Amended Complaint and Motion to Strike Portion of Count I of the First Amended Complaint and Incorporated Memorandum of Law (Doc. 11) on September 04, 2013 and Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss Counts II and III on the First Amended Complaint and Motion to Strike Portion of Count I of the First Amended Complaint and Incorporated Memorandum of Law (Doc. 13) on September 18, 2013.

Plaintiff had a mortgage with Chase Home Finance, LLC (Chase) and per requirement of the mortgage, Plaintiff entered into an insurance agreement with Defendant. On or about September 17, 2011, the insured property was damaged as a result of sinkhole activity. Plaintiff reported the loss and Defendant prepared an estimate and recommendations for the repair of the building through their engineering firm. Plaintiff also retained an engineer who made separate recommendations. The recommendations were inconsistent with each other. Plaintiff contracted for repairs recommended by his engineer and Defendant refused to pay the contracted amount.

Plaintiff alleges that Defendant has materially breached the contract of insurance by failing to pay for the subsurface repairs contracted for, failing to advance payment for the subsurface repairs, underestimating and undervaluing the cost to stabilize and repair the property, and failure to pay the appropriate amount required to repair the building. Plaintiff also alleges that Defendant is in breach of contract for failing to pay third party beneficiaries, such as mortgagees. Further, Plaintiff asks for a declaratory judgment as to his rights, duties and obligations under the insurance policy and law, and costs, including attorney's fees. Finally,

Plaintiff alleges that Defendant also committed tortious interference with Plaintiff's contractual relationship with his mortgagee, Chase.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleadings are held to minimal requirements and may not simply consist of "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a defendant's Rule 12(b)(6) motion, the "factual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. This plausibility requirement set forth in *Twombly* requires the allegations to be more than merely conceivable. *Id.* at 570.

In considering a motion to dismiss, courts must follow a simple, two-pronged approach: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d. 1283, 1289 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In sum, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, Defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

A complaint will not be dismissed for failure to state a claim "unless it appears beyond doubt that Plaintiff can prove no set of circumstances that would entitle her to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). This court shall limit its considerations to the pleadings and considerations of the pleadings shall be viewed in the light most favorable to Plaintiff. *Ill. Ex. Ret. Madigan v. Telemarketing Assoc. Inc.*, 538 U.S. 600, 618 (2003). In ruling on state-law claims, such as the claim of tortious interference of a contractual relationship and declaratory judgment in this case, the Court must follow the state's standard, that is, Florida Law. *Erie R.R. v. Thompkins*, 304. U.S. 64, 78 (1938).

## DISCUSSION

### I. Count II: Declaratory Judgment

Plaintiff's request for declaratory judgment is duplicative because Plaintiff asks for the same relief in the declaratory judgment as requested in the breach of contract allegation. This Court has held that if the essences of both counts are the same, and the same allegations are made in each count, then the allegation is duplicitous and should be dismissed. "In the absence, then, of any real and immediate controversy apart from what is already alleged in Count I, Defendant's Motion to Dismiss Count II will be granted." *Strubel v. Hartford Ins. Co. of the Midwest*, 809CV01858T17TBM, 2010 WL 745616 (M.D. Fla. Feb. 26, 2010). "The essence of both counts is that Defendant breached the Policy when it failed to pay for all of Plaintiffs' loss under the Policy. The issue at hand, then, is the amount of damages that Defendant should be liable for as a result of damage to the Insured Property." *Liotto v. Hartford Ins. Co. of the Midwest*, 8:11-CV-02290-EAK, 2012 WL 646257 (M.D. Fla. Feb. 28, 2012). In this case, Plaintiff states in his request for declaratory judgment that he would like the court to declare that his remediation plan is correct and that Defendant's remediation plan was inadequate. In

Plaintiff's allegation of breach of contract, Plaintiff alleges that Defendant has failed to pay amounts necessary to repair the building and underestimating and undervaluing what is necessary to repair the property which is in essence the same as determining whether Plaintiff or Defendant has the adequate remedial plan. The relief sought from the declaratory judgment is the same asked for in the breach of contract allegation, that of how much payment is needed to repair the house and cover damages to Plaintiff. Therefore, Plaintiff's request for declaratory judgment is duplicative and is dismissed.

Plaintiff claims that questioning the proper method of repair is not duplicative as the court held in *Holiday Plumbing Supplies v. American Economy Insurance*. However, in that case, Holiday Plumbing alleged a breach of contract as to the payments for above surface repairs and requested a declaratory judgment as to the subsurface repairs required. "In Count II, Plaintiff adequately alleges a dispute and disagreement between the parties regarding the proper method of repair for the subsurface damages. This claim is distinct from Count I, which is a breach of contract claim related to American Economy's failure to pay the *above ground* damages to the building." *Holiday Plumbing Supplies, Inc. v. Am. Econ. Ins. Co.*, 2013 WL 2434586 (M.D. Fla. June 4, 2013). In the current case, Plaintiff requests the same relief in both counts for all repairs, above and below the surface. Therefore, Plaintiff's request for declaratory judgment is duplicative and dismissed.

## II. Count III: Tortious Interference with Contractual Relationship

Plaintiff's Count III is not dismissed because Plaintiff has made a plausible claim upon which relief can be granted. Under Florida law, the elements of a cause of action for tortious interference with a contractual relationship are: 1) the existence of a contract; 2) Defendant's knowledge of the contract; 3) Defendant's intentional procurement of the contract's breach; 4)

absence of any justification or privilege; and 5) damages resulting from the breach. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1321 (11th Cir. 1998). In Plaintiff's complaint, he claimed that there was a mortgage contract between Plaintiff and Chase that Defendant knew of, that Defendant has intentionally withheld the benefits required to be paid under that contract without justification or privilege, and that Plaintiff has suffered damages. A complaint will not be dismissed for failure to state a claim "unless it appears beyond doubt that Plaintiff can prove no set of circumstances that would entitle her to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). Plaintiff has claimed all elements of tortious interference and there is a plausible set of circumstances where Plaintiff could receive relief. Therefore, Count III of the complaint is not dismissed.

Count III of Plaintiff's Amended Complaint is not dismissed because Defendant is claiming defenses for facts not alleged in the complaint. In *Bray v. Lexington*, the court determined that valid defenses are not cause for dismissal, regardless if they could be brought later in the case. "In deciding a Rule 12(b)(6), the Court is limited to the allegations of the pleadings. Although VeriClaim's arguments could constitute a valid defense, VeriClaim's alleged justification is not a proper reason to grant its motion to dismiss because this would require consideration of facts beyond what is alleged in the Amended Complaint." *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1369 (M.D. Fla. 2007). Defendant is claiming defenses such as "a company's actions are justified to protect its own business interest" (Doc.11, P.12, ¶1) and that Defendant has not breached the contract which can be brought later in litigation, but is not grounds for dismissing the claim. Therefore, Count III is not dismissed.

### III. Count I: Strike as to Parts of Count I

Sections 14(e) and (f) will not be stricken because they are directly related to Plaintiff's breach of contract allegation and Defendant has already conceded liability. "Typically a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Dennis v. Nw. Mut. Life Ins. Co.*, 3:06-CV-43-J-20MCR, 2006 WL 1000308 (M.D. Fla. Apr. 14, 2006). In this case, Sections 14(e) and (f) directly relate to the breach of contract because adjusting with Plaintiff is contained in the insurance contract. Therefore, Sections 14(e) an (f) have a relationship to the controversy and are not stricken.

Sections 14(e) and (f) are not stricken because Defendant has conceded liability. "It is well established, under Florida statutory law, that a party may not assert a first-party claim for bad faith against an insurer until the insured has proven liability in her underlying contractual claim....Florida courts have made it clear that the rationale for such rule is as follows: if no insurance coverage exists, there can be no loss or injury for which the insurer is contractually liable and thus, the insurer could not have acted in bad faith in refusing to provide coverage for disability benefits." *Dennis v. Nw. Mut. Life Ins. Co.*, 3:06-CV-43-J-20MCR, 2006 WL 1000308 (M.D. Fla. Apr. 14, 2006). Defendant claims that these allegations are bad-faith allegations. However, Defendant has conceded liability for the sinkhole loss which effectively proves liability and coverage. (Doc. 11, P.4, §6) Because Defendant has conceded liability, the rationale for the rule is defeated and Sections 14(e) and (f) are not stricken.

Section 15 will not be stricken because the third parties in the complaint do not need to be joined. "Under Florida law, Plaintiff, as the owner of the property, has an insurable interest." *Fawkes v. Balboa Ins. Co.*, 8:10-CV-2844-T-30TGW, 2012 WL 527168 (M.D. Fla. Feb. 17,

2012) reconsideration denied, 8:10-CV-2844-T-30TGW, 2012 WL 899386 (M.D. Fla. Mar. 16, 2012). "We conclude that the language of the mortgagee payment clause which was a part of that policy represents a promise by the insurance company to pay to the mortgagees the extent of their loss as their interests appear. This promise may be enforced by the appellant as a third party beneficiary." *Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co.*, 281 So. 2d 373, 375 (Fla. Dist. Ct. App. 1973). "The borrower is a property owner with an "insurable interest" under Florida Statutes § 627.405 and therefore has standing to bring a third-party breach of contract action under the LPI policy to enforce the loss payment clause." *McKinney v. Balboa Ins. Co.*, 8:13-CV-1118-T-24, 2013 WL 4495185 (M.D. Fla. Aug. 19, 2013). In this case, Plaintiff has an insurable interest because he is the owner and insured and, therefore, has standing to enforce the terms of the policy. Because Plaintiff has standing to bring the claim, the third parties that would be joined are not indispensable, and therefore Section 15 will not be stricken.

Plaintiff will not be required to provide a more definite statement as to Section 15 of Plaintiff's Amended Complaint because Defendant will receive the information through discovery. In the federal system, motions for more definite statement are disfavored. "The purpose of pleading under the Federal Rules is to give notice rather than to provide those details of the issues and evidence which would eventuate at trial. The latter objective is pursued through discovery." *Bazal v. Belford Trucking Co., Inc.*, 442 F. Supp. 1089, 1102 (S.D. Fla. 1977). "Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond." *Scarfato v. Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993). Section 15 is not so vague and ambiguous as Defendant cannot look at the policy to determine who could be a third-party and the potential third parties will become known during the discovery process. Therefore, Plaintiff

will not be required to provide a more definite statement as to Section 15 of Plaintiff's Amended Complaint.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss be granted in part and denied in part and Defendant's Motion to Strike be denied. Count II of Plaintiff's Amended Complaint is **GRANTED** with prejudice. Count III is **DENIED**. Motion to Strike parts of Count I is **DENIED**. Defendant shall answer the complaint within ten days of this order.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, this 12th day of March, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record